UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAZARUS F MEDINA,

        Petitioner,

v.                                              Case No. 21-cv-1007-bhl

EARNELL R LUCAS,

        Respondent.

## SCREENING ORDER DISMISSING PETITION

        On August 27, 2021, petitioner Lazarus F Medina, a state prisoner currently incarcerated at Milwaukee County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. Section 2241. ECF No. 1. On September 10, Medina paid the $5.00 filing fee. This Court now conducts a preliminary review of Medina's petition, pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

        Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Medina's petition. The rule provides:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing Section 2254 Cases. During its initial review of a habeas petition, the Court examines whether the petitioner has set forth cognizable constitutional or federal law

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases allows district courts to apply the same rules to Section 2241 cases. ("The district court may apply any or all of these rules to . . . habeas corpus petition[s] [not filed pursuant to Section 2254 and Rule 1(a) of the Rules Governing Section 2254 Cases]."). *See, e.g., Bradley v. Fuchs*, No. 21-CV-49-JDP, 2021 WL 1946408, at n.2 (W.D. Wis. Apr. 27, 2021) (citing *Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006)) (construing a petition for writ of habeas corpus improperly brought under Section 2254 as having been brought under Section 2241, and conducting a preliminary review pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases).

claims and tries to confirm that those claims have been exhausted in state court. *See Bradley v. Fuchs*, No. 21-CV-49-JDP, 2021 WL 1946408, at *1 (W.D. Wis. Apr. 27, 2021) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)).

Medina is charged with one count of felony murder, as a party to a crime, and one count of illegal possession of a firearm, adjudicated delinquent of a felony, in Milwaukee County Circuit Court. ECF No. 4. The charges are not yet resolved. *Id.* at 2. Medina is currently in detention awaiting trial, *id.*, and now brings a pre-conviction habeas challenge.

Medina asks that the charges against him be dismissed with prejudice or, alternatively, that he be discharged on a Personal Recognizance Bond or that his cash bail be substantially amended pending trial. *Id.* at 12. He provides the following grounds for relief: (1) violation of the right to a speedy trial; (2) unlawful denial of bail reduction and/or denial of Personal Recognizance Bond following denial of right to a speedy trial; unlawful continuance; (3) prejudice resulting from violation of right to a speedy trial; and (4) unlawful charge as felony actor whereas Medina claims he was the victim of the same felony. *Id.* at 11–12.

A district court may not address the merits of a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). If the petitioner "either failed to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering the merits." *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001); *see also Rose v. Lundy*, 455 U.S. 509 (1982). Medina has not filed any prior appeals, lawsuits, or administrative remedy procedures regarding his pretrial detention, and he does not provide any reasons for this failure.[2] ECF No. 1 at 5–9. Because Medina has not yet exhausted his state court remedies up to and including a review by the Wisconsin Supreme Court, he cannot proceed with a habeas petition related to his pretrial detention at this time. The Court will therefore dismiss the petition without prejudice so that Medina can complete and exhaust his state court remedies.

Accordingly,

---

[2] Medina has the right under Wis. Stat. § 808.03(2) to ask the Wisconsin Court of Appeals to hear a challenge to a nonfinal decision of the circuit court.

**IT IS HEREBY ORDERED** that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition for writ of habeas corpus is **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin on October 5, 2021.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge